IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOEL T. DEAN § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:13-CV-00073 |
| § | | |
| HARRIS COUNTY; CITY OF HOUSTON; § | | |
| MILLARD F. WATERS; DARSHAN R. § | | |
| PHATAK; LUIS A. SANCHEZ; and § | | |
| DWAYNE A. WOLF § | | |
|    *Defendants.* § | | |

### DEFENDANT DR. PHATAK' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), OR ALTERNATIVELY, MOTION FOR RULE 7(A)(7) REPLY REGARDING QUALIFIED IMMUNITY

Defendant Dr. Darshan R. Phatak ("Dr. Phatak") now files his Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), or Alternatively, Motion for Rule 7(a)(7) Reply Regarding Qualified Immunity, and would respectfully show this Court as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1. This civil rights lawsuit was filed on January 10, 2013 by Plaintiff Noel T. Dean ("Plaintiff"), who was indicted for the murder of his wife, Shannon Dean, and who was tried twice. Plaintiff alleges that his cause of action arises from "…serious medical examiner and police officer misconduct, including fabrication and manipulation of evidence and commingling." See Plaintiff Noel Dean's Original Complaint ("the Complaint"), DOC. 1, page 1. Plaintiff alleges that after he spent a three year period defending himself, the charges against him were dismissed mid-trial, and the Harris County Institute for Forensic Sciences issued an amended autopsy report, changing the cause of death to "undetermined". See Complaint, DOC. 1, pages 1 and 2. Plaintiff alleges that Dr. Phatak, who performed the autopsy and testified at trial, violated his constitutional right to due process and fair trial rights under the Fourteenth

1

Amendment by allegedly improperly and negligently conducting the death investigation and autopsy of Shannon Dean. Plaintiff also alleges that Dr. Phatak violated his Fourteenth Amendment due process and fair trial rights by providing "inaccurate and inconsistent witness testimony and misrepresenting his autopsy findings" at trial. See Complaint, Doc. 1, pages 21 and 22. Plaintiff seeks compensatory damages, punitive damages, and costs and attorneys' fees. See Complaint, Doc. 1, page 26.

   2. Dr. Phatak denies that any constitutional violation occurred, or that he is liable to Plaintiff in any amount, under any theory. Dr. Phatak asserts that he is entitled to qualified immunity on Plaintiff's due process and fair trial claim based on the allegedly improper and negligent investigation. Dr. Phatak further asserts that he is entitled to absolute immunity from Plaintiff's claim based on his allegedly inaccurate trial testimony. Plaintiff's claims against Dr. Phatak should be dismissed in their entirety. Alternatively, Dr. Phatak moves for a Rule (7)(a)(7) Reply on the issue of his entitlement to qualified immunity. Each of these arguments will be discussed in turn.

## THE STANDARD OF REVIEW

   3. Rule 12(b)(6), FED. R. CIV. P. provides that a party may present its defense to a claim for relief in a pleading by motion if Plaintiff has failed to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted. See Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009); Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004) (citing Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) ("[A] judge must accept as true all of the

factual allegations contained in the complaint." (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (internal citations omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555 (internal citations omitted). However, the factual allegations must demonstrate that the Plaintiff is entitled to relief under a valid legal theory. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989).

## ARGUMENT AND AUTHORITIES

### A.  DR. PHATAK IS ENTITLED TO QUALIFIED IMMUNITY

4.  Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights. Although the section contains no reference to qualified immunity, 'Congress intended the statute to be construed in the light of common-law principles that were well settled at the time of its enactment.'" Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003) (quoting Kalina v. Fletcher, 522 U.S. 118, 123, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997) (citing Tenney v. Brandhove, 341 U.S. 367, 95 L.Ed. 1019, 71 S. Ct. 783 (1951); Briscoe v. LaHue, 460 U.S. 325, 330, 75 L. Ed. 2d 96, 103 S. Ct. 1108 (1983)). "Therefore, the immunities existing at common law at the time of § 1983's enactment are applicable to actions brought under it." Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003).

5.  Governmental officials performing discretionary functions generally are shielded from liability for civil damages provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738 (1982); Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir.), cert. denied, 531 U.S. 816, 121 S.Ct. 52 (2000). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is

effectively lost if a case is erroneously permitted to go to trial." Swint v. Chambers County Comm'n, 514 U.S. 35, 42, 115 S. Ct. 1203, 1208 (1995); accord McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002).

6. The analysis to determine whether qualified immunity applies is a two-step process. It requires a determination of whether the plaintiffs have alleged the violation of a constitutional right, as well as a determination of whether the conduct alleged was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. Saucier v. Katz, 533 U.S. 194, 199, 121 S. Ct. 2151, 2155 (2001). If a trial court determines that a plaintiff's allegations, if proven, would have violated a constitutionally protected right, the next step in a qualified immunity analysis is determining whether the right allegedly violated was clearly established in a particularized sense at the time a defendant was alleged to have violated it. Saucier, 533 U.S. at 201-02, 121 S. Ct. at 2155-56.

7. "The second prong [of the qualified immunity analysis] 'is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of the then clearly established law.'" Felton v. Polles, 315 F.3d 470, 477 (5th Cir. 2002) (emphasis added) (quoting Hare v. City of Corinth, 135 F.3d 320, 326 (5th Cir. 1998)). The second step "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." Pierce v Smith, 117 F.3d 866, 872 (5th Cir. 1997).

8. To overcome an assertion of qualified immunity, a plaintiff must allege facts demonstrating that a governmental actor violated clearly established federal rights. Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992). A plaintiff must allege facts which would establish

that no reasonable government official could have reasonably believed the accused officials' alleged conduct was lawful in light of the information he possessed and clearly established law. Mendenhall v. Riser, 213 F.3d 226, 231 (5th Cir. 2000).

9. If governmental actors of reasonable competence could disagree as to whether the alleged conduct violated a plaintiff's rights, immunity applies. Malley v Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986). If a reasonable governmental actor, possessing the same information known to the individual at the time of the occurrence, could have believed his acts to be lawful in light of clearly established law, the official is entitled to dismissal of the claims against him based upon his immunity.

10. Most importantly, when a defendant invokes immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002). To avoid a Rule 12(b)(6) dismissal of a claim against an individual defendant, a plaintiff must allege particularized facts which, if proven, would defeat an immunity defense. Brown v. Glossip, 878 F.2d 871, 874 (5th Cir. 1989); Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985).

11. "[Section] 1983 actions that raise the issue of qualified immunity necessitate heightened pleading standards." Brown v. Texas A&M University, 804 F.2d 327, 333 (5th Cir. 1986). "[T]he plaintiff must plead specific facts with sufficient particularity to meet all the elements necessary to lay a foundation for recovery, including those necessary to negative the defense of qualified immunity." Id. (citing Elliott at 1482).

12. Heightened pleading in qualified immunity cases requires that plaintiff rest his complaint on more than mere conclusions alone and plead his case with precision and factual specificity. Nunez v. Simms, 341 F.3d 385, 388 (5th Cir. 2003). To overcome the immunity

defense, a plaintiff must assert facts that, if proven, would demonstrate that the defendant violated clearly established statutory or constitutional rights. Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 995 (5th Cir. 1995).

13. In this case, Dr. Phatak is entitled to qualified immunity because Plaintiff has not alleged the violation of a constitutional right. Plaintiff's first claim against Dr. Phatak is summarized at Paragraph 66 C of the Complaint as follows: "Defendant Phatak Improperly and Negligently Conducted the Death Investigation and Autopsy of Shannon Dean". See Complaint, DOC. 1, page 14. First, Dr. Phatak is entitled to dismissal of this claim because negligent conduct cannot form the basis of a Section 1983 claim. To prevail, Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or was due to deliberate indifference, and was not the result of mere negligence. See Farmer v. Brennan, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 1974-75 (1994); Davidson v. Cannon, 474 U.S. 344, 348, 106 S. Ct. 668, 670-71 (1986); Daniels, 474 U.S. at 328, 10 S. Ct. at 663; Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 291 (1976). The negligent deprivation of life, liberty or property is not a constitutional violation. See Campbell v. City of San Antonio, 43 F. 3d 973, 977 (5th Cir. 1995); Fraire v. City of Arlington, 957 F.2d 1268, 1276 (5th Cir. 1992), cert. denied, 506 U.S. 973, 113 S. Ct. 462 (1992); Herrera v. Millsap, 862 F.2d 1157, 1160 (5th Cir. 1989); Simmons v. McElveen, 846 F.2d 337, 339 (5th Cir. 1988). Plaintiff's claim against Dr. Phatak should be dismissed on this basis of qualified immunity.

14. Even if the Court were to ignore the fact that Plaintiff has improperly based a cause of action against Dr. Phatak on negligence, Dr. Phatak is entitled to dismissal of this claim because it does not state a constitutional violation. As set out above, Plaintiff claims that Dr. Phatak conducted an improper death investigation of his wife's death. However, the Fifth

Circuit has held that there is no clearly established constitutional duty to investigate. Hernandez v. Terrones, 397 Fed. Appx 954 (5th Cir. 2010)(no right to be free from a "reckless investigation"); Simmons v. Wainwright, 585 F.2d 95, 96 (5th Cir. 1978)(per curiam)(no clearly established constitutional duty to investigate); Johnson v. Louisiana, 2010 U.S. Dist. LEXIS 24396 [WL] at 10 (failure to investigate does not state a constitutional claim); see also Kompare v. Stein, 801 F. 2d 883 (7th Cir. 1986)(Medical examiner entitled to qualified immunity against the charges that she violated Plaintiff's constitutional rights; when the Medical Examiner's conduct is judged by federal standards, it is clear she did not violate any clearly established federal constitutional right for which she can be held liable in a Section 1983 action). Dr. Phatak denies that he handled the death investigation of Shannon Dean improperly in any manner. These allegations, however, do not state the violation of a constitutional right, and therefore, this Court need not even proceed to the second step of the qualified immunity analysis. Dr. Phatak is entitled to dismissal of this claim on this basis.

15.   In the alternative to dismissing Plaintiff's Section 1983 claims against him pursuant to Rule 12(b)(6), FED. R. CIV. P., Dr. Phatak requests that the Court order Plaintiff to file a reply pursuant to Rule 7(a)(7), FED. R. CIV. P. pertaining to his qualified immunity defense. Dr. Phatak makes this request because the Complaint does not comply with the detailed pleading requirements in the Fifth Circuit under Schultea v. Wood, 47 F. 3d 1427, 1433-34 (5th Cir. 1995) for claims against which a qualified immunity defense has been raised.

16.   Dr. Phatak asks that the Court order Plaintiff to replead to allege specific facts setting forth: (1) the precise actions he is alleged to have committed which Plaintiff claims violated which of his specific constitutionally protected rights; (2) the specific factual allegations upon which Plaintiff relies to establish that the actions of Dr. Phatak were objectively

unreasonable in light of clearly established law; and (3) the specific constitutionally-protected rights that each alleged wrongful act by Dr. Phatak violated.

**B.     DR. PHATAK IS ENTITLED TO ABSOLUTE IMMUNITY ON PLAINTIFF'S DUE PROCESS AND FAIR TRIAL RIGHTS CLAIMS**

17.     At paragraphs 112 to 114 of the Complaint, Plaintiff alleges that Dr. Phatak intentionally or recklessly misrepresented his autopsy and death investigation findings.  In Paragraph 112, Plaintiff alleges, "At Noel's 2009 trial, Phatak's testimony was riddled with misstatements, inaccuracies, and glaring inconsistencies."  See Complaint, DOC. 1, page 22.  At paragraph 113, Plaintiff alleges, "After cross-examination of Phatak, Phatak's misstatements, inaccuracies, and inconsistencies led to dismissal of the charges."  See Complaint, DOC. 1, Page 22.

18.     These three paragraphs of the Complaint address themselves specifically to Dr. Phatak's trial testimony.  However, it has long been settled that a witness who testifies at trial is entitled to absolute immunity.  See Briscoe v. LaHue, 460 U.S. 325, 103 S. Ct. 1108 (1983); Geter v. Fortenberry, 849 F. 2d 1550 (5th Cir. 1988); Charles v. Wade, 665 F. 2d 661 (5th Cir. 1982).  Because Dr. Phatak is entitled to absolute immunity from liability under 42 U.S.C. Section 1983, this claim must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

19.     Dr. Phatak is entitled to qualified immunity on Plaintiff's claims that he intentionally or recklessly performed a biased autopsy, and intentionally or recklessly eliminated a manner of death classification before considering all the evidence.  Dr. Phatak is entitled to absolute immunity on Plaintiff's claims about his allegedly inaccurate testimony at Plaintiff's trial.  All of Plaintiff' claims against Dr. Phatak should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Dr. Darshan R. Phatak respectfully requests that his Motion to Dismiss be, in all respects, granted, or alternatively, that Plaintiff be ordered to file a Reply pursuant to Rule 7(a)(7), FED. R. CIV. P., and for such other and further relief to which he shall show himself entitled.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | **/S/  Mary E. Baker** |
| | MARY E. BAKER |
| VINCE RYAN | Senior Assistant County Attorney |
| HARRIS COUNTY ATTORNEY | State Bar No. 08534000 |
| | 1019 Congress, 15th Floor |
| | Houston, Texas 77002 |
| | Telephone:  (713) 274-5133 |
| | Facsimile: (713) 755-8924 |
| | E-mail: mary.baker@cao.hctx.net |
| | |
| | ATTORNEY FOR DEFENDANT |
| | DR. DARSHAN R. PHATAK |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on February 8, 2013, in compliance with the Federal Rules of Civil Procedure to all parties of record.

| | |
|---|---|
| Jerry Galow | Kelly A. Dempsey |
| Galow & Smith | Assistant City Attorney |
| 1204 Nueces Street | Deidra Norris |
| Austin, Texas 78701 | Assistant City Attorney |
| | 900 Bagby, 4th Floor |
| Lisa R. Hulsey | Houston, Texas 77001-0368 |
| Senior Assistant County Attorney | |
| 1019 Congress, 15th Floor | |
| Houston, Texas  77002 | |

**/S/  Mary E. Baker**
MARY E. BAKER
Senior Assistant County Attorney